# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 26-03476 PA (DSRx) | Date | June 30, 2026 |
|---|---|---|---|
| Title | Conrad Bortz v. RiverSource Life Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS—ORDER TO SHOW CAUSE

Plaintiff Conrad Bortz ("Plaintiff") filed this action against defendant RiverSource Life Insurance Company ("Defendant") on April 1, 2026 concerning Plaintiff's claim for benefits under a disability insurance policy issued by Defendant ("Policy"). The Complaint alleges that from March 2009 to January 2, 2020, Plaintiff was employed by the University of North Carolina and worked in his position as a recruiting and business services coordinator, until he filed a claim for disability benefits under the Policy. Defendant initially approved the claim, and paid benefits up through July 31, 2023 when it determined that Plaintiff was no longer eligible for additional benefits because of a 24 month mental health Policy limitation. Plaintiff claims that his disability was the result of a physical injury, and not a mental health issue, and that the disability occurred due to injuries to his spine and other bodily injuries that he suffered in a motor vehicle accident in February 2009.

According to the Complaint, Plaintiff is a citizen and resident of Oregon, and Defendant is incorporated in, and with its principal place of business in, Minnesota. Plaintiff purchased the policy in California. (Comp. ¶¶ 13-16.) The Complaint alleges that "[v]enue is proper in this Court under 28 U.S.C. § 1391(a)." (Id. ¶ 12.) However, it is unclear from the Complaint what events giving rise to Plaintiff's claims took place within this District, particularly with respect to the alleged claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Indeed the Complaint alleges that Plaintiff was employed by the University of North Carolina for eleven years, implying that Plaintiff resided in North Carolina, and was thus treated by medical professionals in North Carolina. Moreover, the parties' joint 26(f) report states that "at the time of his claimed disability and the acts and events giving rise to this action, plaintiff resided in North Carolina and Oregon." (Joint Report at p. 3.) The parties also state that they are "currently meeting and conferring over whether venue is proper in this district." (Id. )

Thus, given that the parties are located outside of this district, and because it appears that the conduct giving rise to the claims occurred outside of this district and the parties are currently

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-03476 PA (DSRx) | Date | June 30, 2026 |
|---|---|---|---|
| Title | Conrad Bortz v. RiverSource Life Insurance Company | | |

discussing the proper venue for this action, it is unclear, based on the record before the Court, why this action was filed in the United State District Court for the Central District of California (the "Central District of California"). Accordingly, the Court orders the parties to show cause in writing why venue is proper in the Central District of California and why this action should not be dismissed or, in the alternative, transferred to either the Middle District of North Carolina ("M.D.N.C."), District of Minnesota ("Minn."), District of Oregon, or another forum identified by the parties, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 1404, 1406. All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.

To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the M.D.N.C., Minn. or Oregon judicial districts;

2. Whether venue is appropriate in M.D.N.C., Minn. or Oregon;

3. What contacts, if any, each of the parties has to the Central District of California, M.D.N.C., Minn. or Oregon ;

4. What connection Plaintiff's causes of action have to the Central District of California, M.D.N.C., Minn. or Oregon ;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the M.D.N.C., Minn. or Oregon ;

7. The ease of access to sources of proof in each of the forums;

8. The expected difference in the cost of litigation in the Central District of California as compared to the M.D.N.C., Minn. or Oregon ; and

9. Whether there are any alternative forums, other than the Central District of California, M.D.N.C., Minn. or Oregon, that would be more convenient for this action, keeping in mind the foregoing inquiries.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-03476 PA (DSRx) | Date | June 30, 2026 |
|---|---|---|---|
| Title | Conrad Bortz v. RiverSource Life Insurance Company | | |

      Plaintiff is ordered to file its Response to this Order no later than **July 14, 2026.** Defendants may file their Response(s) no later than **July 24, 2026**.  Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

      IT IS SO ORDERED.